**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Catherine R. Phalen and Justin Hill, Defendants,

Of whom Justin Hill is the Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2016-001252

―――――――――

Appeal From Cherokee County
Gwendlyne Y. Jones, Family Court Judge

―――――――――

Unpublished Opinion No. 2017-UP-131
Submitted March 14, 2017 – Filed March 21, 2017

―――――――――

**AFFIRMED**

―――――――――

Joseph L.V. Johnson, of Saint-Amand Thompson & Mathis, LLC, of Gaffney, for Appellant.

Travis Shane Greene, of the South Carolina Department of Social Services, of Gaffney, for Respondent.

Beth McElroy Bullock, of Beth M. Bullock, PA, of Gaffney, for the Guardian ad Litem.

_____

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Hooper v. Rockwell*, 334 S.C. 281, 290, 513 S.E.2d 358, 363 (1999) (recognizing interlocutory family court orders are not immediately appealable); S.C. Code Ann. § 14-3-330(1) (2017) (providing "if no appeal be taken until final judgment is entered the court may upon appeal from such final judgment review any intermediate order or decree necessarily affecting the judgment not before appealed from"); *Charleston Cty. Dep't of Soc. Servs. v. Father, Stepmother, & Mother*, 317 S.C. 283, 287 n.6, 454 S.E.2d 307, 309 n.6 (1995) (holding section 14-3-330 applies to equity cases); *Lewis v. Lewis*, 392 S.C. 381, 384, 709 S.E.2d 650, 651 (2011) ("In appeals from the family court, the appellate court has jurisdiction to find facts in accordance with its view of the preponderance of the evidence." (quoting *Eason v. Eason*, 384 S.C. 473, 479, 682 S.E.2d 804, 807 (2009))); S.C. Code Ann. § 63-7-20(21) (Supp. 2016) ("'Preponderance of evidence' means evidence which, when fairly considered, is more convincing as to its truth than the evidence in opposition."); *Fiddie v. Fiddie*, 384 S.C. 120, 124, 681 S.E.2d 42, 44 (Ct. App. 2009) (recognizing this court is "not required to ignore the fact that the [family] court, who saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony"); *Lewis*, 392 S.C. at 391, 709 S.E.2d at 655 (stating the burden is on the appellant to convince this court that the family court erred in its findings); S.C. Code Ann. § 19-1-180(A) (2014) ("An out-of-court statement made by a child who is under twelve years of age . . . at the time of a family court proceeding brought pursuant to Title 63 concerning an act of alleged abuse or neglect as defined by [s]ection 63-7-20 is admissible in the family court proceeding if the requirements of this section are met regardless of whether the statement would be otherwise inadmissible."); S.C. Code Ann. § 19-1-180(B) (2014) ("An out-of-court statement may be admitted as provided in subsection (A) if . . . the child is found by the court to be unavailable to testify . . . [and] the child's out-of-court statement is shown to possess particularized guarantees of trustworthiness."); S.C. Code Ann. § 19-1-180(D) (2014) ("In determining whether a statement possesses particularized guarantees of trustworthiness . . . , the court may consider, but is not limited to, the following factors: (1) the child's personal knowledge of the event; (2) the age and maturity of the child; (3) certainty that the statement was made, including the credibility of the person testifying about the statement; (4) any apparent motive the child may have to falsify or distort the event, including bias, corruption, or coercion; (5) whether more than one person heard the statement; (6) whether the

child was suffering pain or distress when making the statement; (7) the nature and duration of any alleged abuse; (8) whether the child's young age makes it unlikely that the child fabricated a statement that represents a graphic, detailed account beyond the child's knowledge and experience; (9) whether the statement has a ring of verity, has internal consistency or coherence, and uses terminology appropriate to the child's age; (10) whether extrinsic evidence exists to show the defendant's opportunity to commit the act complained of in the child's statement.").

**AFFIRMED.**[1]

**WILLIAMS and KONDUROS, JJ., and LEE, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.